By the Court.—Van Vorst, J.
The defendant seeks to avoid liability in this action, in any event, for1 so much of the plaintiff’s claim as accrued after the 21st November, 1865, on the ground that the defendant’s-term as a trustee then expired, and further urges as an objection to the whole claim that it was merged in the company’s notes taken by plaintiff, and the judgment-recovered thereon in his favor, when the defendant was-no longer a trustee.
A failure to elect officers of a corporation at the designated time would not dissolve the corporation. The old officers may hold over until their successors are appointed. The fourth section of the act of 1848 provides, that, if an election be not had at the time appointed,, “all acts of trustees shall be valid and binding as-against the company until their successors shall be-elected.” In McCall v. Bryan, 6 Conn. 428, it was held,' that where the officers of a corporation are required by its charter to be elected yearly, yet they may continue' in office until their successors are elected (Nashville Bank v. Petnay, 3 Hamp. Tenn. R. 522).
In Slee v. Bloom, 5 John. Chy. 366, it is said, “The officers already in would continue to be good officers after the year and until others are elected.”
The better opinion appears to be, that where the members are to be “annually elected,” these words are-directory only (2 Kent’s Com. 295, and cases cited).
The defendant’s acts, after the 21st November, 1865, in the affairs of the corporation would indicate that he-considered himself still a trustee “ de jure,” and as to third persons would constitute him at least “ de facto.” He attended meetings of the board; he received the monthly statements of the plaintiff’s operations and services for the company up to May, 1866, and knew all about, approved, and aided in continuing his services. *313 He himself, at a meeting of the trustees, pronounced the claim of the plaintiff for his services rendered the corporation up to May, 1866, just, and aided in continuing the operations of the company by the employment of a new superintendent in the summer of 1866. He himself employed the new superintendent, as he had the power. Such acts on his part are consistent with no other relation than that of trustee and manager. He substantially held himself out as such, and aided by his acts in maintaining the corporate existence, and the purposes for which it was formed. Public interests require that the acts of officers, who are such “ de facto,” should be held valid as to third persons, and when they so act they are entitled to all the benefit and should assume' all the liabilities imposed by such relation.
The acts of the defendant above mentioned did not properly belong to him as secretary. They advanced the material purposes for which the corporation was organized, enabled it to contract debts and incur liabilities, such as directors only assume. The requests of the-defendant’s counsel in effect asked the judge to decide, as matter of law, on the trial, that after the 21st November, 1865, the defendant was no longer a trustee. This, under the facts disclosed, the judge could not properly do. The most that the defendant was entitled to ask on that subject was, that it be submitted to the jury whether defendant, after that time, had assumed to act, and had acted as a trustee. This he did not do. In the absence of such request, the judge was justified in holding, as he unquestionably did, that the defendant had so acted.
Although the portion of the act under which this corporation was organized, which imposes liability upon trustees for its debts, in the event of a failure to file annual statements, may be considered penal in its nature, yet, if the party assumed to act as a trustee, it was his duty to perform all the acts incumbent upon a *314 trustee, and to aid in making, signing, and filing such' certificate as the law requires, if he would escape liability:
The objection that the plaintiff’s claim became merged in the notes of the company, and in the judgment recovered, is unsound. The notes did not cancel the debt. They amounted to the company’s promise to pay at a future day, which it failed to do. The indebtedness still remains.
The obtaining of the judgment and the attempt to collect it out of the corporate property before resorting to the defendant personally, was favorable to the defendant, and in no manner affects the liability imposed upon him under § 12 of the act of 1848.
None of the defendant’s exceptions are well taken, and the judgment should be affirmed with costs.